UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-20306-CIV-COOKE/GOODMAN

ANDRES GOMEZ,

    Plaintiff,

v.

NAPLES GOLF AND BEACH CLUB, INC, d/b/a The Naples Beach Hotel & Golf Club,

    Defendant.

_____/

## JOINT MOTION FOR ENTRY OF PROPOSED CONSENT DECREE

Plaintiff, ANDRES GOMEZ and Defendant, NAPLES GOLF AND BEACH CLUB, INC., have settled and jointly move the Court for entry of the attached proposed Consent Decree.

Title III of the Americans with Disabilities Act ("Title III') requires places of public accommodation to remove barriers to access for individuals with disabilities. Over the last several years, courts have applied the requirements of Title III to websites connected with brick and mortar business locations.

Plaintiff filed this lawsuit against Defendant on account of the alleged inaccessibility of Defendant's website, www.naplesbeachhotel.com. Plaintiff is a blind individual who uses screen reader software to access a website's contents. Plaintiff alleged that he visited Defendant's website but was denied full and equal access to the website because the website did not integrate with his screen reading software.

Defendant denies any wrongdoing and contends that its website complies with the requirements of Title III and is navigable and usable by persons with disabilities, including individuals with vision impairments. Rather than litigate the matter to a conclusion, the parties resolved the matter at mediation and agreed to the entry of a Consent Decree.

The Consent Decree, if approved, would require Defendant to make its website substantially usable by screen reader software for website users on Google Chrome. Defendant also promises to use the WCAG 2.0 Level A as a guideline in making website improvements.

The court should approve the proposed Consent Decree because it is fair, reasonable, and consistent with Title III of the ADA. "Entry of a settlement agreement is a judicial act requiring the court's approval." *United States v. Miami-Dade County*, No. 1:12-cv-24400-FAM, 2014 WL 7534027, at *2 (S.D. Fla. Apr. 10, 2014). But, as a general matter, "the federal courts look with great favor upon the voluntary resolution of litigation through settlement." *Armstrong v. Bd. of School Dirs. of Milwaukee*, 616 F.2d 305, 312 (7th Cir. 1980) (citation omitted). The use of consent decrees, in particular, "encourages informal resolution of disputes, thereby lessening the risks and costs of litigation." *SEC v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984) (citation omitted); *see also United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 851 (5th Cir. 1975) (consent decrees generally offer "the chance justly to finalize a matter that otherwise would burden agencies and courts").

The standard of review is limited. The court should approve the decree so long as it is fair, adequate, and reasonable, *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977), as well as consistent with the objectives of the statute under which the action was brought. *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981) (Rubin, J., concurring). *See also United States v. City of Fort Lauderdale*, 81 F. Supp. 2d 1348, 1350 (S.D. Fla. 1999) ("In this Circuit the Court's

role is limited at this juncture to determining whether the terms of the consent decree 'are not unlawful, unreasonable, or inequitable.") (citation omitted).

That standard is met here. The proposed Consent Decree is fair. "Fairness" may be evaluated in light of "the strength of plaintiff's case, the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in the litigation if the settlement is not approved." *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991). Although Plaintiff is confident that he could establish that the Defendant's website violated Title III, several factual issues existed that may have precluded a judgment in favor of Plaintiff. The proposed Consent Decree avoids any such litigation risk yet achieves the result that Plaintiff would seek at trial – modification of the website to make it compatible with screen reading software. The Defendant, while not admitting liability, similarly has agreed to set aside the expense and uncertainties of continued litigation in favor of settlement. Further, the parties have negotiated this settlement through a mediator.

The proposed Consent Decree is reasonable. "Reasonableness" involves the relationship between the relief obtained and the harm that occurred. *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 89-90 (1st Cir. 1990). Although Plaintiff contends that Defendant's website contained issues that made it incompatible with or difficult to use with screen reader programs, Defendant contended that, prior to the filing of the suit it had created a compliant website and had reports from experts verifying the accessibility of the website. The proposed Consent Decree requires Defendant to make additional improvements to its website so that blind and vision impaired individuals can better and more easily access and use the website. The proposed Consent Decree thus serves the public interest and Title III's goal of accessibility.

For the foregoing reasons, the court should enter the proposed Consent Decree.

Respectfully Submitted,

/s/ *Anthony J. Perez*
Anthony J. Perez
Florida Bar No.: 535451

GARCIA-MENOCAL & PEREZ, P.L.
4937 S.W. 74th Court, Unit #3
Miami, FL 33155
Telephone: (305) 553- 3464
Primary Email: ajperezlaw@gmail.com
Secondary Email: ddunn@lawgmp.com
aquezada@lawgmp.com
***Attorney for Plaintiff***

Respectfully Submitted,

/s/ *Glenn M. Rissman*
GLENN M. RISSMAN
Florida Bar No.: 899526

STEARNS WEAVER MILLER et al
200 East Las Olas Blvd.,
Fort Lauderdale, FL 33301
Telephone: (954) 462-9500
Email: grissman@stearnsweaver.com
***Attorneys for Defendant***